# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ROMAN CATHOLIC DIOCESE OF PATERSON, NEW JERSEY, FATHER MANUEL ALEJANDRO CUELLAR CEBALLOS, FATHER REGIN NICO DELA CRUZ QUINTOS, FATHER JOEMIN KHARLO CHONG PARINAS, FATHER ARMANDO DIAZ VIZCARA JR., and FATHER JOSEPH ANTHONY AGUILA MACTAL,<br><br>Plaintiffs,<br><br>-v-<br><br>U.S. DEPARTMENT OF STATE, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, ANTHONY BLINKEN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE U.S. DEPARTMENT OF STATE, ALEJANDRO MAYORKAS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, and UR MENDOZA JADDOU, IN HER OFFICIAL CAPACITY AS DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | Civ. No: 2:24-CV-08350-JXN-MAH<br><br>District Judge: Hon. Julien Xavier Neals<br><br>Magistrate Judge: Hon. Michael A. Hammer<br><br>RETURN DATE: Dec. 16, 2024 |

**BRIEF IN SUPPORT OF UNOPPOSED MOTION TO STAY THE PROCEEDINGS**

Plaintiffs, the Roman Catholic Diocese of Paterson, New Jersey, (the "Diocese"), Fr. Manuel Alejandro Cuellar Ceballos, Fr. Regin Nico Dela Cruz Quintos, Fr. Joemin Kharlo Chong Parinas, Fr. Armando Diaz Vizcara Jr., and Fr. Joseph Anthony Aguila Mactal, (the "individual

Plaintiffs") (collectively, "Plaintiffs") through their undersigned counsel, hereby move the Court to stay all proceedings in this case, including, but not limited to, a suspension of the deadlines for filing further pleadings, all conferences, and discovery until December 31, 2024. Defendants U.S. Department Of State, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, Anthony Blinken, in His Official Capacity as Secretary of the U.S. Department of State, Alejandro Mayorkas, in His Official Capacity as Secretary of the U.S. Department Of Homeland Security, and Ur Mendoza Jaddou, in her Official Capacity as Director, U.S. Citizenship and Immigration Services, (collectively, "Defendants") have advised Plaintiffs' counsel that they do not oppose this motion.

I. <u>Background</u>

Plaintiffs initiated their Complaint on August 8, 2024. Docket Entry 1. Defendants applied for a Clerk's Order to extend time to respond to the Complaint. Docket Entry 11. On October 29, 2024, Defendants submitted a letter to the Court requesting a pre-motion conference, in anticipation of filing a motion to dismiss. Docket Entry 14. On November 1, 2024, Plaintiffs filed a motion to extend the time to respond to the request for a pre-motion conference. Docket Entry 15. The Court granted that motion by Order entered on November 5, 2024. Docket Entry 16.

There are ongoing discussions, including with non-parties to this litigation, that could result in a resolution of the issues raised in the complaint sufficient to permit dismissal of this action. Both Plaintiffs and Defendants believe that a short stay of proceedings would facilitate those discussions. The stay requested in this motion until December 31, 2024 would serve judicial economy and preserve the procedural status quo.

II.     Argument

Resolution of the issues that Plaintiffs raise before this Court through another, non-litigious method allows for judicial efficiency and an expedient resolution of this matter.  This Court, therefore, should exercise its broad discretion and order a stay of these proceedings.  "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The power to issue a stay derives from the Court's "inherent" authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); accord *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (recognizing "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"). "District courts possess inherent discretion to stay a proceeding whenever the interests of justice mandate 'such action.'" *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445 (D.N.J. 2014) (quoting *U.S. v. Kordel,* 397 U.S. 1, 12 n.27, (1970)).

Courts consider a number of factors when determining whether to grant a stay.  These include: 1) harm, prejudice, or a clear tactical disadvantage to the non-moving party, 2) whether denial of the stay would harming the moving party, 3) whether the stay will simplify the issues for trial, and 4) whether discovery is complete or a trial date is already set. *Akishev*, 23 F. Supp. 3d at 446.  Here, these factors indicate that the Court should grant a stay.

First, there is no harm or prejudice to the non-moving parties.  The case is in a very early stage of litigation, and no responsive pleading or motion has been filed.  Defendants, government officials and agencies, have, in fact, advised Plaintiffs' counsel that they do not oppose this motion. Second, if the Court does not grant the stay, there is a real possibility of harm to the moving parties, in that the Plaintiffs will be forced expend resources to litigate motions to dismiss.  These resources

3

will have been wasted, no matter who prevails on those motions, if the case is negotiated to an amicable resolution. Third, as explained above, given the ongoing negotiations, there is a possibility that a stay would not only simplify the issues for trial, but indeed eliminate the need for trial at all. Finally, the last factor weighs heavily in favor of granting a stay, as discovery is not complete and no trial date has been set. Furthermore, and to ensure that neither the Court nor any other party is harmed by a stay, Plaintiffs will provide a written update to this Court on or before December 16, 2024.

This motion is made with a full reservation of all parties' rights, remedies, and defenses, and this motion shall in no way alter, impair, or waive any rights, remedies or defenses of any party.

III.   CONCLUSION

Therefore, Plaintiffs respectfully request that the Court grant this unopposed Motion to Stay Proceedings until December 31, 2024.

Respectfully Submitted:

**NORRIS McLAUGHLIN, P.A.**

Dated: 11/11/2024

/s/ Robert Mahoney
Robert Mahoney, Esquire
400 Crossing Boulevard
8th Floor
Bridgewater, NJ  08807
P:     (908) 722-0700
F:     (908) 722-0755
E:     rmahoney@norris-law.com
    *Attorneys for Plaintiffs*