

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044

October 29, 2024

**Via ECF**
The Honorable Julien X. Neals
United States District Judge
Dr. Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut St. #4015
Newark, NJ 07102

Re: *The Roman Catholic Diocese of Patterson, New Jersey, et al. v. U.S. Department of State, et al.*, 2:24-cv-08350
**Request for Pre-Motion Conference**

Dear Judge Neals:

Defendants respectfully request a pre-motion conference in the above captioned case. Defendants intend to file a Rule 12(b)(6) motion on Plaintiffs' claims against the Department of State ("DOS") and a Rule 12(b)(1) motion, or in the alternative, Rule 12(e) motion on Plaintiffs' claim against U.S. Citizenship and Immigration Services ("USCIS").

In this action, Plaintiffs challenge DOS's interpretation of 8 U.S.C. §§ 1152(a)(2) and (e)(3) as located in *Employment-Based Preference Immigrant Visa Final Dates and Dates for Filing for El Salvador, Guatemala, and Honduras*, 88 Fed. Reg. 18252 (March 28, 2023) ("DOS's March 2023 Interpretation"). ECF No. 1 at ¶¶ 3, 6, 74, 86. Plaintiffs' arguments fail as a matter of law because DOS's reading of these statutory provisions, along with its interpretation, is correct.

Congress, through the Immigration and Nationality Act (INA), imposes worldwide and per-country limits on the number of immigrant visas that may be issued each year. *See* 8 U.S.C. §§ 1151(d), 1152(a)(2) and (5). In relevant part, 8 U.S.C. § 1152(a)(2) creates an annual seven percent, per-country limit on the issuance of immigrant visas for a particular country, stating:

> [T]he total number of immigrant visas made available to natives of any single foreign state or dependent area under subsections (a) and (b) of section 1153 of this title in any fiscal year may not exceed 7 percent (in the case of a single foreign state) … of the total number of such visas made available under such subsections in that fiscal year.

1

8 U.S.C. § 1152(a)(2). Further, only if a country's "total" demand for family-sponsored and employment-based preference immigrant visas will exceed the per-country limit does the INA require DOS to pro-rate visas issuances within each preference category to that country, 8 U.S.C. § 1152(e)(3).

DOS correctly interpreted the word "total" in the March 28, 2023 *Federal Register* notice as meaning "combined" when it determined that there is no basis to pro-rate visas within a specific category to a specific country if that country's combined demand for preference visas will not exceed the per-country limit. *Babaria v. Blinken*, 87 F.4th 963, 973 (9th Cir. 2023) (reading the word "total" in this manner), *cert. denied sub nom. Babaria v. Jaddou*, No. 23-1268, 2024 WL 4426634 (U.S. Oct. 7, 2024); *see Aiteliyev v. Mayorkas*, No. 22-CV-3852 (CRC), 2024 WL 551683, at *2 (D.D.C. Feb. 12, 2024) (similar). Because DOS's interpretation is correct, Plaintiffs cannot state a claim – under any legal theory – that DOS misinterpreted this statutory language and, as a result, Plaintiffs' claims against DOS should be dismissed in their entirety. There is no construction of 8 U.S.C. § 1152 that would permit DOS to place a seven percent limit on EB-4 visas to a country that will not exceed the per-country limit.

Plaintiffs disagree, requesting that this Court vacate DOS's interpretation. *See* ECF No. 1 at ¶¶ 3, 6-7, 74, 86. But Plaintiffs' Complaint fails to identify any possible reading of the word "total" other than as meaning the combined number of visas from subparagraphs (a) *and* (b). *See* 8 U.S.C. § 1153. As a result, Plaintiffs' constitutional and statutory challenges to DOS's March 2023 Interpretation fail as a matter of law.

Plaintiffs' claims fail as a matter of law for additional reasons as well. Specifically, Count I (Administrative Procedure Act ("APA")) fails because DOS's March 2023 Interpretation does not constitute a legislative rule. *See Perez v. Mortgage Bankers Ass'n*, 575 U.S. 92, 97 (2015). DOS's March 2023 Interpretation conveys DOS's interpretation of INA provisions that direct when and how employment-based preference visas must be limited for a particular country. Far from imposing new duties or obligations, DOS's March 2023 Interpretation states that its purpose is to "ensure that Department practice is consistent with these INA provisions …" 88 Fed. Reg. 18252 (interpreting the meaning of 8 U.S.C. §§ 1152(a)(2); 1152(e)(3); 1153(a) & (b); *see id.* at 18253 (adding that DOS is seeking "to clarify" what "the INA permits").

Plaintiffs' claim in Count II (the Congressional Review Act ("CRA")) that DOS was required to wait 60 days before implementing its interpretation of 8 U.S.C. § 1152(a)(2), fails on its face both because the CRA does not apply to interpretations, *Miller v. Garland*, 674 F. Supp. 3d 296, 310 (E.D. Va. 2023) (recognizing that an agency's interpretation "may take immediate effect"), and because such a claim is not subject to judicial review. *See Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 892 F.3d 332, 346 (D.C. Cir. 2018); *Foster v. U.S. Dep't of Agric.*, 68 F.4th 372, 378 (8th Cir. 2023); *Kan. Nat. Res. Coal. v. U.S. Dep't of the Interior*, 971 F.3d 1222, 1235-38 (10th Cir. 2020); *Teche Vermilion Sugar Cane Growers Ass'n Inc. v. Su*, No. 6:23-CV-831, 2024 WL 4246272, at *8 (W.D. La. Sept. 18, 2024).

Plaintiffs' claim in Count III (the Religious Freedom Restoration Act ("RFRA")) fails because Plaintiffs' allegations do not indicate that DOS's interpretation of 8 U.S.C. § 1152(a)(2) imposes a substantial burden on the free exercise of their religion. *See Iglesia Pentecostal Casa De Dios Para Las Naciones, Inc. v. Duke*, No. 16-3265, 718 F. App'x 646, 648, 651 (10th Cir. 2017). A governmental action does not impose a substantial burden if the action does not coerce the individuals to violate their religious beliefs or deny them the rights, benefits, and privileges enjoyed by other citizens. *Real Alternatives, Inc. v. Sec'y Dep't of Health & Hum. Servs.*, 867 F.3d 338, 357 (3d Cir. 2017) (citing *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 449 (1988)); *see also Mayle v. United States*, 891 F.3d 680, 687 (7th Cir. 2018) (affirming dismissal of RFRA claim because a plaintiff who had not "altered his behavior to avoid violating his religious beliefs" did not establish a substantial burden). Applying these principles in the religious worker context, the Ninth Circuit has held that a regulation governing the timing and processing of a religious worker's adjustment of status application did not violate the RFRA because the regulation did not affect the ability of the plaintiffs to practice their religion. *Ruiz-Diaz v. United States*, 703 F.3d 483, 486 (9th Cir. 2012). The Ninth Circuit explained that the plaintiffs there, who were in the United States on five-year R-1 visas were subject to removal "after five years because their visas have expired, not because they are practicing their religion." *Id*. This same reasoning applies here.

Plaintiffs' claims in Counts IV through VIII (Free Exercise Clause of the First Amendment, Due Process Clause of the Fifth Amendment, and Equal Protection Clause of the Fifth Amendment) fail as a matter of law because DOS's March 2023 Interpretation does not violate the Constitution. To be clear, Plaintiffs are not challenging any statutory provision. Rather, Plaintiffs' claims are that DOS's interpretation of the INA, specifically 8 U.S.C. § 1152(a)(2), is unconstitutional. *See, e.g.*, ECF No. 1 at ¶¶ 151, 170-171. These claims fail as a matter of law because, as set forth above, Plaintiffs have not, and cannot, offer any alternative reading of the language in 8 U.S.C. § 1152(a)(2). Because this provision is clear and unambiguous, Plaintiffs cannot state a claim that DOS's reading violates the U.S. Constitution. Moreover, because RFRA provides greater protection for religious exercise than the First Amendment, *Holt v. Hobbs*, 574 U.S. 352, 357 (2015), Plaintiffs' failure to establish a claim under the RFRA necessarily precludes them from establishing a Free Exercise Clause claim.

In addition, Plaintiffs assert an unrelated APA claim against USCIS for failing to extend premium processing under 8 U.S.C. § 1356(u) to the fourth employment-based preference category. Section 1252(a)(2)(B)(ii) bars this Court from exercising jurisdiction over this claim. *See Soc'y of Divine Word v. U.S. Citizenship & Immigr. Servs.*, No. 21 CV 3650, 2022 WL 17820973, at *6 (N.D. Ill. Dec. 20, 2022) (dismissing an identical claim on this basis). To the extent Plaintiffs wish to assert an additional claim against USCIS, Defendants respectfully request that this Court order a more definite statement under Rule 12(e) identifying what the claim is, what is the legal basis for the claim, and how Plaintiffs purportedly have standing to assert the claim. *See Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

GLENN M. GIRDHARRY
Assistant Director

By: /s/ *Aaron S. Goldsmith*
AARON S. GOLDSMITH
Senior Litigation Counsel

cc: All counsel of record (via ECF)

4